1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ROBERT BLAIR,                              No.  2:15-cv-1117 AC P

12                  Petitioner,

13          v.                                  ORDER TO SHOW CAUSE

14   U.S. PAROLE COMMISSION,

15                  Respondents.

16

17          Petitioner, a federal prisoner proceeding through counsel, has filed an application for a

18   writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner has paid the filing fee.

19          The Rules Governing Section 2254 Cases in the United States District Courts (Habeas

20   Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241.  Habeas

21   Rule 1(b).  Rule 4 of the Habeas Rules requires the court to summarily dismiss a habeas petition

22   "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled

23   to relief in the district court."  "[A] petition for habeas corpus should not be dismissed without

24   leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave

25   granted."  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

26          "Federal prisoners are required to exhaust their federal administrative remedies prior to

27   bringing a petition for a writ of habeas corpus in federal court."  Martinez v. Roberts, 804 F.2d

28   570, 571 (9th Cir. 1986) (per curium) (citations omitted); Weinstein v. United States Parole

                                                1

1   Comm'n, 902 F.2d 1451, 1454 (9th Cir. 1990) ("Judicial review of a decision of the Parole

2   Commission is available under 28 U.S.C. § 2241 only after administrative remedies have been

3   exhausted.") (citing Ruwiwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983)).  However,

4   "[e]xhaustion is a judicially created prerequisite to filing for habeas relief in parole cases."

5   Fassler v. Pendleton, 110 F. App'x 749, 751 (9th Cir. 2004) (citing Martinez, 804 F.2d at 571;

6   Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990), overruled on other grounds by Reno v.

7   Koray, 515 U.S. 50, 54-55 (1995)).  "Therefore, 'the district court must determine whether to

8   excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his

9   administrative remedies before proceeding in court.'"  Id. (quoting Brown, 895 F.2d at 535).

10        The petition indicates that petitioner has not exhausted his administrative remedies in this

11   case.  ECF No. 1 at 2, 7.  Therefore, petitioner will be required to show cause why his failure to

12   exhaust should be excused.

13        IT IS HEREBY ORDERED that within thirty days of service of this order, petitioner must

14   show cause why his failure to exhaust his administrative remedies should be excused.  Failure to

15   respond to this order will result in a recommendation to dismiss the petition.

16   DATED: January 11, 2016

17

18   ALLISON CLAIRE
  UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28

2